UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 3:10-cr-28 (CFD) |
| | : | |
| LARRY CORBETT | : | |

**RULING ON MOTION IN LIMINE**

In anticipation of trial, the defendant, Larry Corbett, brought a motion in limine seeking to preclude the Government from offering any evidence related to his New Jersey arrest warrant for an overdue traffic ticket and his related appearance at a New Jersey Municipal Court to pay the overdue traffic ticket and have the warrant recalled. For the reasons that follow, Corbett's motion is denied.[1]

**I.    Factual Background**

On October 26, 2007, Corbett was issued a speeding ticket by the East Brunswick New Jersey Police Department. Corbett did not pay the fine nor did he appear in court. Consequently, an arrest warrant for Corbett was issued in New Jersey on January 7, 2008. The Government claims that it has evidence that on January 15, 2008, the day following the alleged homicide of George McPherson, Corbett drove to East Brunswick, New Jersey and appeared in a New Jersey Municipal Court to pay the overdue speeding ticket. Upon paying the fine, the New Jersey arrest warrant for Corbett was recalled.

---

[1] Corbett also filed a motion in limine (Dkt. #11) seeking to preclude the Government from introducing any evidence referring to him by his alleged alias; however, Corbett is no longer pursuing that motion.

## II. Discussion

Corbett seeks to exclude the New Jersey evidence on the grounds that it is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Corbett also claims that, under Rule 403, the probative value of the New Jersey evidence is substantially outweighed by the danger of unfair prejudice.

The U.S. Court of Appeals for the Second Circuit has stated that "evidence of a party's consciousness of guilt may be relevant if reasonable inferences can be drawn from it and if the evidence is probative of guilt." United States v. Perez, 387 F.3d 201, 209 (2d Cir. 2004); cf. United States v. Ayala, 307 F.2d 574, 576 (2d Cir. 1962) (affirming the trial judge's admission of circumstantial evidence of flight by the defendant). "Such evidence is admissible if the court (1) determines that the evidence is offered for a purpose other than to prove the defendant's bad character or criminal propensity, (2) decides that the evidence is relevant and satisfies Rule 403, and (3) provides an appropriate instruction to the jury as to the limited purposes for which the evidence is introduced, if a limiting instruction is requested."[2] Perez, 387 F.3d at 209.

The Court finds that Corbett's decision to pay the overdue traffic ticket and clear his outstanding arrest warrant the day after the alleged homicide of McPherson could constitute circumstantial evidence of his consciousness of guilt and, therefore, is relevant under Rules 401 and 402. Corbett's apparent lack of urgency to pay the overdue ticket prior to McPherson's alleged homicide suggests that the reason for paying the ticket on January 15 may have been to avoid attention from law enforcement officers in the aftermath of the events that allegedly took

---

[2] Because this case is being tried before the Court, not a jury, a limiting instruction (as suggested in Perez) is not applicable.

place the previous day.³ The New Jersey evidence is also relevant to Corbett's consciousness of guilt based on the allegedly false exculpatory statements that Corbett made while being interviewed by the Greenwich police following his arrest on January 29, 2008, namely his denial of the New Jersey trip. See Perez, 387 F.3d at 209 ("While falsehoods told by a defendant in hope of evading prosecution are not themselves sufficient evidence on which to base a conviction, such falsehoods may strengthen an inference of guilt supplied by other evidence."); United States v. Parness, 503 F.2d 430, 438 (2d Cir. 1974) ("[E]xculpatory statements, when shown to be false, are circumstantial evidence of guilty consciousness and have independent probative force."); see also United States v. Glenn, 312 F.3d 58, 69 (2d Cir. 2002) ("Although false exculpatory statements to law enforcement officials may be circumstantial evidence of consciousness of guilt and may strengthen inferences supplied by other pieces of evidence, they do not alone prove guilt.").

Applying the Rule 403 balancing test, the Court concludes that the probative value of the New Jersey evidence is not substantially outweighed by the danger of unfair prejudice to Corbett or the other factors listed in Rule 403. Corbett contends that the chain of inferences necessary to connect the New Jersey evidence to his guilt of the crimes charged is too attenuated and, therefore, is unfairly prejudicial. While an inference is required to connect Corbett's payment of the overdue traffic ticket to his consciousness of guilt, such an inference does not necessarily render the evidence inadmissible under the Rule 403 balancing test.⁴ See United States v.

---

³ Corbett's traffic ticket had been outstanding for over two months prior to January 15, 2008, and his arrest warrant had been issued seven days prior to McPherson's alleged homicide.

⁴ An inference as to Corbett's motive, based on the timing of his decision to drive to New Jersey to pay the ticket and have the arrest warrant recalled, is required in order to connect the

Ravich, 421 F.2d 1196, 1204 n.10 (2d Cir. 1970) ("The length of the chain of inferences necessary to connect the evidence with the ultimate fact to be proved necessarily lessens the probative value of the evidence, and may therefore render it more susceptible to exclusion as unduly confusing, prejudicial, or time-consuming, but it does not render the evidence irrelevant."). In addition, evidence of an arrest warrant for an overdue speeding ticket in a case where the defendant is charged with murder does not raise the same concerns of prejudice that evidence of another violent crime would raise. See United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (finding that the probative value of evidence of prior criminal conduct that did not "involve conduct more inflammatory than the charged crime" was not substantially outweighed by unfair prejudice); United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990) (finding no unfair prejudice where evidence of prior crimes "did not involve conduct any more sensational than the crimes with which [the defendant] was charged").

### III.  Conclusion

Accordingly, the defendant's motion in limine [Dkt #99] is DENIED.

SO ORDERED this 22nd day of March 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE**

---

New Jersey evidence to the charged crimes.